**UNITED STATES of America, Appellee,**

v.

**Roger Lee WOODS, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Eloise WOODS, Appellant.**

**Nos. 73-2490, 73-2491.**

United States Court of Appeals, Fourth Circuit.

Argued Sept. 30, 1974.

Decided Oct. 29, 1974.

---

William S. Little, Baltimore, Md., Court-appointed counsel, for Roger Lee Woods.

William Carrier, Baltimore, Md., Court-appointed counsel, for Eloise Woods.

Robert A. Rohrbaugh, Asst. U.S. Atty., Baltimore, Md. (George Beall, U.S. Atty., and Herbert Better, Asst. U.S. Atty., Baltimore, Md., on brief), for appellee.

Before CRAVEN, BUTZNER and FIELD, Circuit Judges.

FIELD, Circuit Judge:

A grand jury for the District of Maryland returned a five count indictment against Roger Lee Woods and Eloise Woods, his wife, the first four counts charging them with mail fraud in violation of 18 U.S.C. § 1341 and the fifth count charging them with the use of a false address in violation of 18 U.S.C. § 1342. A jury found Roger Lee Woods guilty on all counts and Eloise Woods guilty on the first four counts. Upon these appeals the defendants contend that the mailings alleged and proved in this case were not sufficiently related to the scheme to defraud to bring their conduct within section 1341.

Briefly stated, the evidence showed that the defendants submitted applications for credit cards to several companies and business establishments in the Baltimore area which applications contained false and fraudulent credit information, and as a result thereof were issued credit cards by these companies. It appeared from the Government's evidence that the applications were sent through the mail, and the credit cards issued to the Woods were also sent by mail. Over a period of seventeen months the cards were used by the defendants to obtain merchandise, services and loans worth in excess of $35,000.

In challenging their convictions the defendants place primary reliance upon the recent decision of the Court in *United States v. Maze,* 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974), but in our opinion that case is readily distinguishable from the one before us. The defendant in *Maze* had stolen a credit card and used it to obtain food and lodging at various motels. Charging Maze with mail fraud, the Government relied upon the mailings resulting from the use of the credit card, namely, the transmit-

tal by mail of the invoices or charge slips from the motels to the credit card company which in turn mailed them to the card holder for payment. The Court held that such mailings were not for the "purpose of executing" the defendant's scheme to defraud, stating at page 402, 94 S.Ct. at page 649, 38 L.Ed.2d at page 609:

"the mailings here were directed to the end of adjusting accounts between the motel proprietor, the Louisville bank, and Meredith, all of whom had to a greater or lesser degree been the victims of respondent's scheme. Respondent's scheme reached fruition when he checked out of the motel, and there is no indication that the success of his scheme depended in any way on which of his victims ultimately bore the loss."

In the present case the defendants, as an integral part of their scheme to defraud, used the mails to secure the credit cards, and the scheme did not reach fruition within the meaning of *Maze* until after the cards had been acquired and used by the defendants. Under the circumstances of this case we find the mailings alleged and proved by the Government clearly within the reach of Section 1341.

We have carefully considered the other points raised on these appeals and find them to be without merit. Accordingly, the convictions are affirmed.

*AFFIRMED.*